UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Eastern Division

| | |
|---|---|
| WILLIAM LESTER JR., <br><br> Plaintiff, <br><br> -v- <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; Names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained, <br><br> Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA"), by counsel, hereby removes this action from the Circuit Court of Calhoun County, Alabama, Civil Action No. 11-CV-2018-900052.00, to the United States District Court for the Northern District of Alabama.  Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction and diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Accordingly, PRA removes this action to this Court, and in support thereof, states the following:

## I. BACKGROUND

1. On January 25, 2018, Plaintiff William Lester Jr. ("Plaintiff") filed a Complaint (the "Complaint") in the Circuit Court of Calhoun County, Alabama, Civil Action No. 11-CV-2018-900052.00. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in this action are attached hereto as **Exhibit A**.

2. On January 30, 2018, PRA received a copy of the Complaint.

3. This Notice of Removal is being filed within thirty days of service of the Complaint on Defendant. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(3).

4. The above-captioned action is a suit for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); state-law invasion of privacy; negligent hiring, training and supervision of incompetent debt collectors; and negligence.

## II. FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction over Plaintiff's FDCPA and FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6. This Court has supplemental jurisdiction over Plaintiff's Alabama state-law claims pursuant to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

7. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. In his Complaint, Plaintiff specifically alleges PRA violated the FDCPA and FCRA by "continu[ing] to collect against Plaintiff when Plaintiff did not owe any money to Portfolio Recovery Associates . . . [by] misrepresenting the debt as owed when it was not owed . . . [by] tak[ing] action it knowns is illegal including false credit reporting . . . in violation of the FDCPA and/or FCRA and/or state law . . . ." (Compl. ¶¶ 109, 110, 112, 117).

9. Federal question jurisdiction exists over this action because the claims asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the FDCPA and the FCRA.

10. Plaintiff's claims purporting to arise under Alabama state law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Specifically, all claims arise out of PRA's reporting of Plaintiff's debt and PRA attempts to collect Plaintiff's debt. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

### III. DIVERSITY JURISDICTION

11. This Court also has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, which states that diversity jurisdiction is appropriately exercised over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ."

12. Upon information and belief, Plaintiff is a citizen of the State of Alabama. (Compl. ¶¶ 17, 18).

13. PRA is a limited liability company formed under the laws of the state of Delaware. The sole member of PRA is PRA Group, Inc., which is incorporated under the laws of the state of Delaware with its principal place of business in Norfolk, Virginia. Accordingly, PRA is not a citizen of Alabama for diversity jurisdiction purposes. See *Rolling Green MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

14. Regarding the fictitious defendants named in this action, 28 U.S.C. § 1441(b) states, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

15. In his Complaint, Plaintiff requests "that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims is more than $75,000.00), costs, expenses, attorney fees, injunctive

relief to prevent further violations, and for such other and further relief as may be just and proper." (Compl. at p. 23).

16.     Plaintiff has also communicated to PRA a settlement demand of $150,000. *See Lowry v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (noting that settlement offers may be considered when determining whether the amount in controversy is satisfied), *superseded in part by statute*, 28 U.S.C. § 1446(b); *see also Sturkie v. Lovvorn*, Case No. 1:16-cv-01375-JEO, 2016 U.S. Dist. LEXIS 192506, at *5–6 (N.D. Ala. Nov. 14, 2016) (finding the amount in controversy satisfied where Plaintiff made a $100,000 settlement demand).

17.     Diversity jurisdiction exists over this action because the amount in controversy, as expressed in Plaintiff's Complaint and settlement demand, exceeds $75,000, and because the Plaintiff and PRA are citizens of different states. Accordingly, this case is properly removable to this Court.

### III. VENUE

18.     Venue is proper in this Court because this district and division encompass the Circuit Court of Calhoun County, Alabama, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV. NOTICE

19.     Concurrent with the filing of this Notice, PRA will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Calhoun County, Alabama, a copy of which is attached hereto as **Exhibit B**.

20.     Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court.

21.     PRA reserves the right to amend its Notice of Removal.

22.     If any questions arise as to the propriety of the removal of this action, PRA requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, PRA hereby removes this action to this Court and seeks such other and further relief as this Court deems appropriate and just.

Date: February 16, 2018                          By: */s/ Danielle K. Greco*
                                                 Danielle K. Greco
                                                 305 Church at North Hills Street
                                                 Raleigh, North Carolina
                                                 Telephone: (919) 835-4100
                                                 Facsimile: (919) 835-4101
                                                 Email: danielle.greco@troutman.com
                                                 *Attorney for Defendant*
                                                 *Portfolio Recovery Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and sent, via first class mail, postage prepaid, to the following counsel of record:

> John G. Watts
> M. Stan Herring
> Watts & Herring, LLC
> The Kress Building
> 301 19th Street North
> Birmingham, Alabama 35203

> /s/ Danielle K. Greco
> Danielle K. Greco