FILED
2018 Feb-16  PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>11-CV-2018-900052.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### WILLIAM LESTER JR. V. PORTFOLIO RECOVERY ASSOCIATES, LLC

**NOTICE TO:** PORTFOLIO RECOVERY ASSOCIATES, LLC, C/O CORPORATION SERVICE C 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WILLIAM LESTER JR.

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 1/25/2018 9:13:07 AM | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____.

*(Date)*

_____      *(Address of Server)*

*(Type of Process Server)*      *(Server's Signature)*

_____

*(Server's Printed Name)*      *(Phone Number of Server)*



**null / ALL**
**Transmittal Number: 17707739**
**Date Processed: 01/31/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Shannan R. Powell<br>Portfolio Recovery Associates, Inc.<br>140 Corporate Boulevard<br>Norfolk, VA 23502 |

| | |
|---|---|
| **Entity:** | Portfolio Recovery Associates, LLC<br>Entity ID Number  1653471 |
| **Entity Served:** | Portfolio Recovery Associates, LLC |
| **Title of Action:** | William Lester, Jr. vs. Portfolio Recovery Associates, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Calhoun County Circuit Court, Alabama |
| **Case/Reference No:** | 11-CV-20118-900052.00 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 01/30/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | John G. Watts<br>205-879-2447 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**AlaFile E-Notice**

11-CV-2018-900052.00

To: PORTFOLIO RECOVERY ASSOCIATES, LLC
C/O CORPORATION SERVICE C
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

WILLIAM LESTER JR. V. PORTFOLIO RECOVERY ASSOCIATES, LLC
11-CV-2018-900052.00

The following complaint was FILED on 1/25/2018 9:13:07 AM

Notice Date:     1/25/2018 9:13:07 AM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2018-900052.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### WILLIAM LESTER JR. V. PORTFOLIO RECOVERY ASSOCIATES, LLC

**NOTICE TO:** PORTFOLIO RECOVERY ASSOCIATES, LLC, C/O CORPORATION SERVICE C 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104 **Doo l**

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S).
JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of <u>WILLIAM LESTER JR.</u>
pursuant to the Alabama Rules of the Civil Procedure.        *[Name(s)]*

| 1/25/2018 9:13:07 AM | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

| ☑ Certified Mail is hereby requested. | /s/ JOHN GRIFFIN WATTS |
|---|---|
| | *(Plaintiff's/Attorney's Signature)* |

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

                                     *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____

           *(Date)*

                                        *(Address of Server)*

_____ _____
*(Type of Process Server)*      *(Server's Signature)*

                       *(Server's Printed Name)*             *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
1/25/2018 9:12 AM
11-CV-2018-900052.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama | **COVER SHEET** | Ca: |
|---|---|---|
| Unified Judicial System | **CIRCUIT COURT - CIVIL CASE** | 11 |
| Form ARCiv-93   Rev.5/99 | (Not For Domestic Relations Cases) | Date of Filing:      Judge Code:  01/25/2018 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### WILLIAM LESTER JR. v. PORTFOLIO RECOVERY ASSOCIATES, LLC

**First Plaintiff:**  ☐ Business  ☑ Individual      **First Defendant:**  ☑ Business  ☐ Individual
☐ Government  ☐ Other                                   ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**      A ☐ **APPEAL FROM DISTRICT COURT**      O ☐ **OTHER**

R ☐ **REMANDED**      T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES  ☐ NO      Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WAT056

1/25/2018 9:12:44 AM
Date

/s/ JOHN GRIFFIN WATTS
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

DOCUMENT 2

ELECTRONICALLY FILED
1/25/2018 9:12 AM
11-CV-2018-900052.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM LESTER, JR., )<br><br>    Plaintiff, )<br><br>v. )<br><br>PORTFOLIO RECOVERY ASSOCIATES, )<br>LLC, Fictitious Defendants "A", "B" and )<br>"C" thereby intending to refer to the legal )<br>entity, person, firm or corporation which )<br>was responsible for or conducted the )<br>wrongful acts alleged in the Complaint; )<br>Names of the Fictitious parties are unknown )<br>to the Plaintiff at this time but will be added )<br>by amendment when ascertained )<br><br>    Defendants. ) | Civil Action No.:<br><br><br>JURY DEMAND |

## COMPLAINT

**COMES NOW** the Plaintiff, William Lester, Jr., by and through counsel, and for

Plaintiff's Complaint against the Defendants states as follows:

1.    This action arises out of Defendants' violations of the Fair Credit Reporting Act[1]  (15

U.S.C. § 1681 et seq. [hereinafter "FCRA"]), violations of the Fair Debt Collection

Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) and state law.

## INTRODUCTION

2.    Credit reporting is a powerful tool for debt collectors in collecting debts.

3.    In some ways, it is more damaging and powerful than filing a lawsuit against a consumer.

4.    In this case, Defendant Portfolio Recovery Associates, LLC begin collecting on a debt and

has continued to collect on it after there is no more money owed.

---

[1] Any reference the FCRA or FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

DOCUMENT 2

5.    The reason Defendant Portfolio Recovery is doing this to Plaintiff and to countless others is simply because it works.

6.    It results in money being paid to Defendant Portfolio Recovery that is not owed.

7.    Consumers are extorted into paying non-owed money to get false information off of their credit reports.

8.    Here, Plaintiff refused to do this but instead disputed the false account with the credit reporting agencies.

9.    Instead of Defendant Portfolio Recovery conceding that it had been caught and fixing the problem, it has continued to report false information about this debt.

10.   Plaintiff disputed the Portfolio Recovery Associates, LLC reporting on Plaintiff's credit reports.

11.   In the disputes, Plaintiff informed the consumer reporting agencies and Portfolio Recovery Associates, LLC that the debt was not owed and should not to be reporting.

12.   Portfolio Recovery Associates refused to properly investigate the dispute and refused to remove the false credit information.

13.   In all disputes Plaintiff provided Defendants with more than sufficient information for Defendants to conduct an investigation into Plaintiff's dispute.

14.   Defendants refused to investigate and to remove the false reporting on the account from Plaintiff's credit report.

15.   This is part of a deliberate policy and procedure of Portfolio Recovery Associates to refuse to properly investigate disputes from consumers, thereby frustrating the purpose of the law and damaging consumers in Alabama and others around the country.

2

## JURISDICTION

16. Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.

## VENUE

17. Venue is proper as Plaintiff lives in Alabama in this judicial district and the Defendants do business in this judicial district.

## PARTIES

18. Plaintiff William Lester, Jr. (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

19. Defendant Portfolio Recovery Associates, LLC ("Defendant" or "Portfolio Recovery Associates" or "Portfolio" or "PRA"[2]") is a foreign debt collection firm that engages in the business of debt collection in Alabama. It is a "debt collector" under the FDCPA as it collects defaulted debt and its principal and primary business is the collection of debt.

20. Portfolio Recovery Associates claims to collect on defaulted consumer debt.

21. Portfolio Recovery Associates sues consumers, sends collection notices to consumers, makes collection calls to consumers, and credit reports on consumers.

22. Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

---

[2] "Portfolio Recovery Associates" or "Portfolio" or "PRA" or "Defendant" means the Defendant directly or through its debt collectors, employees, and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

DOCUMENT 2

23.    Any reference to any Defendant refers to all Defendants and Fictitious Defendants.

## RECOGNITION BY CONGRESS OF THE
## WIDESPREAD ABUSE BY COLLECTORS

24.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by

dishonorable debt collectors.

25.    Congress recognized that there are four social ills caused by abusive debt collection:  (1)

Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4)

Invasions of individual privacy.

26.    Congress also found that it is fundamentally unfair for the abusive collection agencies to

have an unfair competitive advantage over those honorable debt collectors that decide to

obey the law and follow the rules.

27.    15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it

states as follows:

(a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair
debt collection practices by many debt collectors. **Abusive debt collection
practices contribute** to the number of personal bankruptcies, to marital
instability, to the loss of jobs, and **to invasions of individual privacy.**

(b)    Existing laws and procedures for redressing these injuries are inadequate
to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection
practices are available for the effective collection of debts.**

(d)    Abusive debt collection practices are carried on to a substantial extent in
interstate commerce and through means and instrumentalities of such
commerce. Even where abusive debt collection practices are purely
intrastate in character, they nevertheless directly affect interstate com-
merce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection
practices** by debt collectors, to **insure that those debt collectors who
refrain from using abusive debt collection practices are not
competitively disadvantaged,** and to promote consistent State action to
protect consumers against debt collection abuses.

[Emphasis added].

4

## FACTUAL ALLEGATIONS

### The Debt At Issue

28. Plaintiff had a Synchrony Bank (Lowes) credit card.

29. This card allegedly went into default.

### Collection Lawsuit And Settlement

30. PRA sued Plaintiff in a Small Claims lawsuit dated May 2, 2017, in the amount of $4,061.73 in Calhoun County.

31. PRA was represented by the national collection firm of "Rausch, Sturm, Israel, Enerson & Hornik, LLC."

32. Plaintiff negotiated a settlement with Defendant PRA in the amount of $1,016.

33. This amount was a full and final settlement of the debt Defendant PRA claimed to own.

34. The payment of $1,016 cleared Wells Fargo (Plaintiff's bank) on or about May 31, 2017 or June 1, 2017.

35. Plaintiff called the collection firm of Rausch, Sturm, Israel, Enerson & Hornik, LLC on or about June 1, 2017.

36. In the call on or about June 1, 2017, to the collection law firm of Rausch, Plaintiff was told the money was deducted the previous day and the balance owed was now zero.

37. Rausch law firm said it would confirm the settlement of the case in writing with Plaintiff.

38. On June 4, 2017, Rausch, on behalf of its client PRA, sent a letter to Plaintiff.

39. The letter acknowledged the $1,016 payment.

40. The date of the payment is listed as May 31, 2017.

41. The file number in the letter is 2605914, which is the same file number listed on the lawsuit papers.

5

42.    The letter states, "THANK YOU FOR YOUR RECENT PAYMENT. YOUR ACCOUNT HAS BEEN RESOLVED."

43.    This is consistent with Plaintiff's banking records from Wells Fargo, which shows the $1,016 payment clearing on June 1, 2017.

**Collection Lawsuit Is Dismissed With Prejudice**

44.    Approximately 3 weeks later, on June 21, 2017, Portfolio Recovery Associates filed a "Motion to Dismiss With Prejudice" for the court case PRA had against Plaintiff in the Small Claims Court of Calhoun County.

45.    The motion notes, "The parties have resolved the lawsuit, and the resolution now calls for a dismissal of the same."

46.    The motion was filed by the Rausch law firm and bears a file number of 2605914.

47.    On June 28, 2017, the Honorable Beth Rogers, District Judge for Calhoun County, entered an Order granting the motion to dismiss with prejudice.

48.    The Order concludes with, "Case is dismissed with prejudice."

**PRA Is Owed Nothing By Plaintiff**

49.    It is clear that at this point that Plaintiff owed nothing to PRA.

50.    This is true as of May 31 or June 1 when the $1,016 payment was made.

51.    Certainly it was true as of the June 1, 2017 call with Rausch.

52.    The June 4, 2017 letter from Rausch showed the matter was resolved.

53.    And the final indication that the case was resolved and nothing more owed was the June 28, 2017, Order from Judge Rogers dismissing the case With Prejudice.

54.    This should have ended the matter.

55.    But it did not.

6

**Portfolio Recovery Continues To Collect On This Non-Existent Debt**

56. Defendant PRA was not satisfied with accepting the money ($1,016) it had agreed to take.

57. It wanted more.

58. And to this day, it still demands that Plaintiff pay more money.

59. For example, a September 28, 2017, Experian credit report shows a balance owed of $3,046.

60. This is the difference in the original amount claimed of $4,062 and the payment amount of $1,016 as follows:  $4,062 -- $1,016 = $3,046.

61. Under "payment status" the account is listed as "Seriously past due date. . ."

62. Defendant PRA updated this account on September 8, 2017.

63. This is long after the debt was settled and resolved.

64. This is false credit reporting, as nothing was owed as of June 1, 2017.

65. The reporting should have shown a "zero" balance.

66. On October 8, 2017, Equifax reported that Defendant PRA told it to show a current balance of $3,046.

67. There is a note that "You've paid off **25%** of your collection amount."

68. The reporting of the balance owed is false, as nothing was owed.

69. Plaintiff did not pay a portion of what was owed – he paid off the account and as of June 1, 2017, nothing was owed.

7

### Plaintiff Disputes The PRA Account Through The Credit Bureaus

70. Frustrated that Defendant PRA refused to fix Plaintiff's credit reporting, Plaintiff sent a letter to the credit reporting agencies Equifax, Experian, and Trans Union.

71. This letter stated, "You are reporting an account from Portfolio Recovery Associates, LLC with a balance of approximately $3,046.00. Please investigate this as I do not owe this company any money. Portfolio Recovery Associates, LLC knows I owe nothing. If you will not show this as a zero balance, then please delete. I need for my credit report to be accurate so thank you for doing this."

### Equifax Results of Investigation

72. On November 10, 2017, Equifax responded to Plaintiff's dispute.

73. Equifax did note that nothing more was owed.

74. But even though Equifax refused to show a current balance owed, Portfolio Recovery Associates, however, has continued to tell Equifax that money was owed in July 2017, August 2017, and September 2017 when none was owed after the $1,016 payment was made.

### Trans Union Results of Investigation

75. On November 17, 2017, Trans Union sent Plaintiff the results of investigation related to his October dispute letter.

76. Portfolio Recovery Associates told Trans Union to verify the account, as it was accurate.

77. This is untrue, as the account is not reporting accurately.

78. The current balance was reported as $3,046.

79. This is untrue, as nothing is owed.

80. The original amount owed is listed as $4,062.

81.  It is reported as "in collections" which is not true, as nothing is owed.

## Experian Results Of Investigation

82.  The November 22, 2017, Experian results of investigation show that the account has been "verified."

83.  This shows a "recent balance" of $3,046.

84.  It shows a "recent payment" of $1,016.

85.  Under the "status" it is reported "Collection account.  $3,046 pas due as of Nov 2017".

86.  Defendant PRA knows this is false as it reported to Experian that the account balance was $4,062 in May 2017 and that dropped in June 2017 to $3,046 due to the payment of $1,016.

87.  Defendants knew no money was owed or is owed after the $1,016 payment but they have chosen to report untruthfully on the credit reports in an effort to extort further payments out of Plaintiff to Defendants.

## Plaintiff Applies For Credit Despite False Credit Reporting

88.  Plaintiff, and all others similarly situated, are either discouraged from applying for credit due to the false and damaging credit reporting by PRA or they apply and do not receive favorable rates due to the false credit reporting by Portfolio Recovery Associates.

89.  Plaintiff has a need for credit and has applied for credit after Defendant PRA falsely credit reported in response to the dispute Plaintiff made to the consumer reporting agencies.

90.  Plaintiff was turned down, at least in part, due to the false information Defendant Portfolio Recovery continues to put on Plaintiff's credit reports.

## **PRA Continues To Credit Report False Information**

91.   Defendants continued to report this negative information even with the proof that the account was being reported with false information.

92.   Defendants were provided with more than sufficient information in the dispute and in their own sources of information to conduct an investigation and to conclude that the account was being reported incorrectly.

93.   Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in each Defendant's files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FDCPA, FCRA and state law.

94.   Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, thus violating federal law as set forth in this Complaint and causing Plaintiff to suffer damages by damaging her credit worthiness.

95.   The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit worthiness, ability to apply for and receive credit, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

96. It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA and state law.

97. Portfolio Recovery Associates is a sophisticated business and it knows its conduct is wrong.

98. Portfolio Recovery Associates has chosen to credit report upon hundreds of thousands of consumers without their permission.

99. As a result, then Portfolio Recovery Associates has assumed and undertaken a duty to accurately credit report as required by federal and state law.

100. Portfolio Recovery Associates has violated the obligations of accurate credit reporting and it cannot plead ignorance or claim that it does not understand the credit reporting requirements.

101. All actions taken by Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA/FCRA/state law and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA/FCRA/state law.

102. Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

103.  Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

104.  Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

105.  All actions taken by employees, agents, servants, or representatives of any type for either Defendant were taken in the line and scope of such individuals' employment, agency or representation.

106.  At no time has either Defendant told or implied to Plaintiff that any conduct by any agent or employee of that Defendant was outside the line and scope of such employment or agency.

107.  PRA has committed the violations of law in order to be paid money it is not owed.

108.  While illegally taking several thousand dollars from a single consumer may not seem to be worth the risk to PRA, when that several thousand dollars is multiplied by a thousand or ten thousand consumers, the illegal profit stolen by Defendant Portfolio Recovery Associates is staggering.

### Additional Factual Allegations Against Portfolio Recovery Associates

109.  Portfolio Recovery Associates has continued to collect against Plaintiff when Plaintiff did not owe any money to Portfolio Recovery Associates on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt that is zero from anyone, including Plaintiff.

110.    Portfolio Recovery Associates has misrepresented the debt as being owed, when it was not owed after the $1,016 payment on or about June 1, 2017.

111.    Portfolio Recovery Associates has misrepresented the debt, including the legal status of the debt, as none was owed after the $1,016 payment on or about June 1, 2017.

112.    Portfolio Recovery Associates has taken action it knows is illegal including false credit reporting.

113.    Portfolio Recovery Associates knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

114.    The debt being collected is a consumer debt as defined by the FDCPA.

115.    Plaintiff is a "consumer" as defined by the FDCPA.

116.    Portfolio Recovery Associates is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Portfolio Recovery Associates.

117.    Portfolio Recovery Associates has full knowledge of what it is doing by its wrongful collection activities including illegal credit reporting – it is a sophisticated debt collector and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Portfolio Recovery Associates has no right to take under state law, the FCRA and under the FDCPA.

118.    The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

119.    It is a practice of the Portfolio Recovery Associates to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

120.    All actions taken by the Portfolio Recovery Associates were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or FCRA and/or state law.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

121.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

122.    Plaintiff notified one or more consumer reporting agencies directly of a dispute on the Portfolio Recovery Associates account's completeness and/or accuracy, as reported.

123.    The consumer reporting agencies properly notified Portfolio Recovery Associates of the dispute as required by the FCRA.

124. Portfolio Recovery Associates is a "furnisher" as defined by the FCRA as it furnishes information to one or more consumer reporting agencies.

125. Portfolio Recovery Associates was properly notified of Plaintiff's disputes.

126. Portfolio Recovery Associates refused to properly investigate as required by the FCRA.

127. Portfolio Recovery Associates knew the information it was reporting was false but it refused to correct the false information, which is not only unreasonable but also wanton or willful conduct.

128. Plaintiff alleges that Defendants failed to conduct a proper and lawful reinvestigation.

129. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

130. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

131. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

132. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

133.  Portfolio Recovery Associates violated Section 1692d by collecting this debt as alleged in this Complaint.

134.  Certainly continuing to falsely credit report and collecting an admittedly un-owned debt is harassing conduct.

135.  The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

136.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

137.  Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

138.  Portfolio Recovery Associates violated Section 1692e by collecting this debt as alleged in this Complaint.

139.  The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

16

## COUNT IV.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

140.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

141.   Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

142.   Portfolio Recovery Associates violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

143.   The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

144.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

145.   Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

146.   Portfolio Recovery Associates violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

147.  The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

148.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

149.  Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

150.  Portfolio Recovery Associates violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

151.  The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

152.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

153.  Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

18

154. Portfolio Recovery Associates violated Section 1692f by collecting this debt as alleged in this Complaint. It is fundamentally unfair to collect a debt that is not owed.

155. The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

156. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

157. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

158. Portfolio Recovery Associates violated Section 1692f(1) by collecting this debt when the account agreement never authorized collecting a debt no longer owed and as alleged in this Complaint.

159. The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IX.

### INVASION OF PRIVACY

160.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

161.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Portfolio Recovery Associates violated Alabama state law as described in this Complaint.

162.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

163.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

164.   Portfolio Recovery Associates intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

DOCUMENT 2

165.   Portfolio Recovery Associates intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

166.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

167.   The conduct of Portfolio Recovery Associates, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Portfolio Recovery Associates which occurred in a way that would be highly offensive to a reasonable person in that position.

168.   Portfolio Recovery Associates has continued to publicly state through credit reporting that Plaintiff owes the debt to Portfolio Recovery Associates when Portfolio Recovery Associates knows this is untrue.

169.   All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Portfolio Recovery Associates in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

170.   The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

171.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Portfolio Recovery Associates.

172. All acts of Portfolio Recovery Associates were committed with malice, intent, wantonness, and/or recklessness and as such Portfolio Recovery Associates is subject to punitive damages.

### COUNT X.

### NEGLIGENT, WANTON, INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

173. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

174. Portfolio Recovery Associates' collectors are allowed and encouraged to break state law in order to collect debts.

175. This includes all of the violations of Alabama law described in this Complaint.

176. Portfolio Recovery Associates is aware of the wrongful conduct of its collectors.

177. Had Portfolio Recovery Associates properly hired, trained, and supervised its collectors, it would have prevented the violations of state law from occurring.

178. Instead, Portfolio Recovery Associates took no action to stop violations of the law but encouraged such violations of state law to enhance profits.

179. Portfolio Recovery Associates negligently/wantonly/intentionally hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Portfolio Recovery Associates is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

180. The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit

DOCUMENT 2

worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

### NEGLIGENCE/WANTONESS/INTETIONAL/MALICIOUS CONDUCT

181.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

182.    Portfolio Recovery Associates had a duty and obligation to not cause any unnecessary harm to Plaintiff.

183.    Portfolio Recovery Associates violated this duty and obligation (which it assumed and had under the law) as outlined in the allegations of this Complaint.

184.    Such violations and breaches of the duty of due care were made in a negligent or wanton or malicious or intentional manner.

185.    The conduct of the Portfolio Recovery Associates has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

23

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Portfolio Recovery Associates, LLC
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, Alabama 36104

24